United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60701
_____

UNITED STATES OF AMERICA

                              Plaintiff - Appellee

    v.

BILLY D COOPER, also known as Sealed Defendant 1, also known
as "Rabbit"

                              Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Mississippi
Cause No. 4:01-CR-8-ALL

_____

Before KING, Chief Judge, and HIGGINBOTHAM and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

    Defendant-Appellant, Billy D. Cooper, was convicted of (1)
conspiracy to commit: carjacking in violation of 18 U.S.C.
§ 2119(3), use of a firearm in relation to a crime of violence in
violation of 18 U.S.C. § 924(c), and transportation of a stolen
vehicle in interstate commerce in violation of 18 U.S.C. § 2312,

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

all in violation of 18 U.S.C. § 371 (count one); (2) carjacking in violation of 18 U.S.C. §§ 2119(3) and 2 (count two); (3) use of a firearm in relation to a crime of violence (carjacking) in violation of 18 U.S.C. §§ 924(c) and 2 (count three); (4) transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. §§ 2312 and 2 (count four); and (5) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count five).

On appeal, Cooper argues that the district court erred in denying his motion to suppress his confessions given on August 20, 1999 (including a videotaped confession) for the reason that the confessions were not made voluntarily. The district court conducted thorough evidentiary hearings on the admissibility of the confessions. The district court's findings, which were based on credibility determinations, that Cooper's arrest was valid and his confessions were voluntary and knowing, were amply supported by the record.

Cooper also challenges the district court's decision to admit the videotaped statement of Cooper's co-defendant, James Frye, whose case had been severed from Cooper's. Cooper objected at trial to the admission of Frye's statement, pursuant to FED. R. EVID. 801(d)(2)(E), arguing that it was not made in furtherance of the conspiracy. This claim is not raised on appeal. Instead, Cooper focuses exclusively on the second objection he made in federal district court, his argument that introduction of Frye's

statement violates the Confrontation Clause.  Cooper cites <u>Bruton v. United States</u>, 391 U.S. 123 (1968), in support of this claim. "This court has interpreted <u>Bruton</u> to provide that a defendant's Sixth Amendment right to confrontation is violated when (1) several co-defendants are tried jointly, (2) one defendant's extrajudicial statement is used to implicate another defendant in the crime, and (3) the confessor does not take the stand and is thus not subject to cross-examination." <u>United States v. Jobe</u>, 101 F.3d 1046, 1066 (5th Cir. 1996) (quotations and citations omitted).  <u>Bruton</u> clearly does not apply since Fry and Cooper were tried separately.  Nor is it clear that Cooper even tried to call Frye as a witness to question him about the statement.  Cooper's argument that the admission of Frye's videotaped statement deprived him of his right to confront Frye is meritless.

Finally, Cooper challenges the sufficiency of the evidence to support his conviction of carjacking in violation of 18 U.S.C. § 2119(3).  There is more than enough evidence to support that conviction.

The judgment of conviction and sentence of Cooper are AFFIRMED.